IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | CR 119-002 |
| | * | |
| SHANE R. CHAMPAGNE | * | |

O R D E R

Before the Court in the captioned matter is Defendant Shane R. Champagne's motion for sentence reduction. In particular, Defendant complains that despite his completion of a Residential Drug Treatment Program and the representation of the Bureau of Prisons ("BOP"), he has not received a promised twelve-month reduction in sentence. He claims the BOP will not grant the reduction because of a two-point enhancement in his Presentence Investigation Report.

A district court may not modify a sentence once it has been imposed with only three exceptions. See 18 U.S.C. § 3582(c). Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). The second exception references Rule 35 of the Federal Rules of Criminal Procedure, which allows modification upon motion from the Government for substantial assistance or to correct a computational error within fourteen

days of sentencing. 18 U.S.C. § 3582(c)(1)(B). Finally, under the third exception a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant has not established any of these grounds for relief. Accordingly, his motion for sentence reduction (doc. 81) is **DENIED**.

The Court is compelled to point out that a judicial challenge to the BOP's length of sentence determination must be brought under 28 U.S.C. § 2241 in the district of the defendant's confinement. See Rumsfield v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is incarcerated in the Eastern District of Kentucky; thus, he must file any § 2241 petition in that court after he has fully exhausted his administrative remedies.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of July, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA